DERRICK VS MORRIS.

*As to a general charge of a Court.*

1. Where a plaintiff declares in several counts, and a Court is requested to give the jury trying the cause, a *general* charge—such charge, if given, will be applied, in error, to any count which will sustain it.
2. Though, it seems, that where a Court is requested to confine its charge to some one *particular* count, if the charge is not proper in reference to such count, it might be error.

This was an action of covenant, by Morris, for the use of another, against Derrick, in the County Court of Madison. The plaintiff below, declared:

"For that whereas, heretofore, to wit, on the sixth day of August, eighteen hundred and thirty, at, to wit, in said county, by certain articles of agreement, made and entered into between the said William Derrick of the first part, and the said Benjamin R. Morris of the second part; which said articles of agreement signed by the defendant, (by the name and description of William Derrick,) and signed by the plaintiff, (by the name and description of B. R. Morris,) and sealed with the respective seals of the defendant and the plaintiff, and bearing date the day and year last aforesaid, the plaintiff now brings here into Court—the defendant agreed to employ and did employ, the plaintiff to oversee and overlook the hands that the defendant should place under the plaintiff, upon the plan-

tation where the defendant formerly resided, join-
ing the land of William Moore, sen'r. and Mrs. Da-
vis, &c. &c. for the year, eighteen hundred and thir-
ty-one, at ————— to wit, in said county; and by
which articles of agreement, the plaintiff, for the
consideration therein mentioned, did covenant, pro-
mise and agree, to and with the defendant, to dis-
charge the duties of a good, vigilant overseer, to
attend to the business of the defendant, upon the
farm above mentioned, and to the discharge of the
duties *customary* for overseers to perform, to the
best of his skill and knowledge, for the year eigh-
teen hundred and thirty-one; and the defendant, in
consideration of such services of the plaintiff, to be
rendered as an overseer, as aforesaid, for the said
year of eighteen hundred and thirty-one, did by said
articles of agreement, stipulate and agree to give
the plaintiff two hundred dollars in cash, to be paid
the twenty-fifth day of December, eighteen hun-
dred and thirty-one; one thousand weight of pork,
to be paid the first of January, eighteen hundred
and thirty-one; corn sufficient to supply the family
of said plaintiff in bread, during the year eighteen
hundred and thirty-one; corn sufficient to feed the
cows and hogs of said plaintiff, for said year: also,
two acres of land, which said plaintiff was to have
rent free, to sow wheat upon; also, a beef to be
worth ten dollars; and also, one barrel of salt, to be
paid at the commencement of the year eighteen
hundred and thirty-one; as by said articles of agree-
ment, (reference being thereunto had,) will more
fully appear; and the plaintiff in fact saith, that
said articles of agreement, being so made as afore-

said, he, the said plaintiff, did, upon, to wit, the first day of January, eighteen hundred and thirty-one, at ————— to wit, in said county, enter upon the plantation mentioned in said articles of agreement, and was then and there received into the actual service of the defendant, to serve him as an overseer, upon the terms mentioned in said articles of agreement; and the plaintiff avers, that he remained and continued in the faithful discharge of his duties, as an overseer, upon the plantation mentioned in said articles of agreement, from thence until the ——— day of ————, eighteen hundred and thirty-one, when the defendant, without any just or probable cause, whatsoever, and against the will of the plaintiff, dismissed and discharged him, said plaintiff, from acting as overseer for said defendant, as aforesaid, and refused to permit or suffer him, said plaintiff, to perform the duties of an overseer, upon said plantation, mentioned in said articles of agreement, to wit, at ——— in said county; and the plaintiff, in fact, further saith, that although during his actual service as overseer, as aforesaid, he did discharge the duties of a good, vigilant overseer, and did attend to the business of the defendant, upon the farm above mentioned, and did discharge the duties *customary*, for overseers to perform, to the best of his skill and knowledge, and did do and perform all things in said articles of agreement, mentioned on his part and behalf, according to the tenor and effect thereof, and would have done so, and continued to have done, had he not been prevented by the defendant, to wit, on the day and year aforesaid, at ——— to wit, in said county; yet

3 P. 15

protesting that the defendant has not performed or fulfilled any thing in said articles of agreement contained, on his part and behalf to be *performed* and fulfilled; he, said plaintiff, in fact saith, that although said sum of two hundred dollars, stipulated to be paid to the plaintiff, in said articles of agreement, has long since become due and payable, yet the defendant, hath not paid the same, but the same, or any part thereof, to pay to the plaintiff, he, said defendant, hath hitherto wholly failed and refused; and the plaintiff further saith, that the defendant, hath not as yet paid to said plaintiff, one thousand weight of pork; nor hath he paid to the plaintiff, corn sufficient to supply the family of said plaintiff in bread, during the year eighteen hundred and thirty-one; nor hath he paid to the plaintiff, corn sufficient to feed the cows and hogs of said plaintiff, for said year; nor hath he, said defendant, given or allowed to the plaintiff, two acres of land, rent-free, to sow wheat upon; nor hath he paid to the plaintiff a beef, worth ten dollars; nor hath he paid to the plaintiff, one barrel of salt; but the same or any thing, or any part of any thing before mentioned, to pay, give or allow to the plaintiff, he, the said defendant, hath hitherto failed and refused, although the defendant was, to wit, on the seventeenth day of January, eighteen hundred and thirty-one, at the residence of said defendant, in said county, requested and required by the plaintiff, to pay the same, according to the tenor and effect of said articles of agreement. And whereas, also heretofore, to wit, on the sixth day of August, eighteen hundred and thirty, at ———, to wit, in said

county, certain other articles of agreement were made and entered into, between the defendant of the first part, and the plaintiff of the second part, bearing date the day and year last aforesaid, which said last mentioned articles of agreement, sealed with the respective seals of the defendant and the plaintiff, and signed by the defendant, (by the name and description of William Derrick,) and signed by the plaintiff, (by the name and description of B. R. Morris,) the plaintiff now brings here into Court, and which are in the words and figures following, to wit:

"Articles of agreement entered into this August, the sixth, the year of our Lord, one thousand eight hundred and thirty, between William Derrick of the first part, and Benjamin R. Morris of the second part, both of the county of Madison, State of Alabama, witnesseth : That the said William Derrick, hath agreed to employ, and by these presents, *does* employ, the said B. R. Morris, to oversee and overlook the hands, that he, the said William Derrick, shall place under said Morris, upon the plantation where the said Derrick formerly resided, joining the land of William Moore, sen. and Mrs. Davis, &c. &c. for the year eighteen hundred and thirty-one : And the said Derrick, *does* hereby stipulate and agree to give the said Morris, two hundred dollars in cash, to be paid the twenty-fifth day of December, eighteen hundred and thirty-one; one thousand weight of pork, to be paid the first of January, eighteen hundred and thirty-one; also, corn sufficient to supply the family of said Morris in bread, during the year eighteen hundred and thirty-

one, (1831;) also, corn sufficient to feed the cows and hogs of said Morris, for said year; also, two acres of land, which the said Morris is to have rent-free, to sow wheat upon; also, the said Derrick, agrees to give said Morris a beef, to be worth ten dollars; and also, one barrel of salt, to be paid at the commencement of the year 1831, for and in consideration of the services of the said Morris, to be rendered as an overseer, for said year of 1831. The said Morris on his part *does* agree, and by these presents, *does* bind himself to discharge the duties of a good, vigilant overseer, to attend to the business of said Derrick, upon the farm above mentioned, and to discharge the duties *customary* for overseers to perform, to the best of his skill and knowledge, for and in consideration of the above mentioned consideration of two hundred dollars in cash, corn for hogs and stock, one beef, two acres of land, and one barrel of salt, to be paid and arranged according to the time and times above specified. For the faithful compliance of this, our contract, we bind ourselves, our heirs, assigns, executors, &c. &c. forever, as witness our hands and seals, the day and year above written.

"WILLIAM DERRICK, [L. S.]
"B. R. MORRIS, [L. S.]

"Test,   R. J. KELLY."

"And the plaintiff in fact *saith, that* the said last mentioned articles of agreement, being so made and entered into, he, said plaintiff, did, upon, to wit, the first day of January, eighteen hundred and thirty-one, at ——— to wit, in said county, enter upon the plantation mentioned in said last named

articles of agreement, and was then and there received into the actual service of the defendant, to serve him as an overseer upon the terms specified in said last mentioned articles of agreement; and the plaintiff avers, that he remained and continued in the faithful discharge of his duties, as an overseer, upon the farm specified in said last mentioned articles of agreement, from thence until, and upon the —— day of ———, eighteen hundred and thirty-one, when the defendant, without any just and probable cause whatsover, and against the will of the *plaintiff*, dismissed and discharged him, said plaintiff, from acting as overseer for said defendant, and refused to permit or suffer him, said plaintiff, to perform the duties of an overseer upon said plantation, specified in said last mentioned articles of agreement, to wit, at ———, in said county, and the plaintiff in fact, saith further, that although, during his actual service as overseer, as aforesaid, he did discharge the duties of a good, vigilant overseer, and did attend to the business of the defendant, upon the farm last above mentioned, and did discharge the duties customary for overseers to perform, to the best of his skill and knowledge, and did do and perform all things, in said last mentioned articles of agreement contained, on his part and behalf, according to the tenor and effect thereof, and would have so done, and continued to have done, had he not been prevented by the defendant, to wit, on the day and year last aforesaid, at ———, to wit, in the said county: Yet protesting that the defendant has not performed or fulfilled any thing in said last mentioned articles of agreement con-

tained, on his part and behalf to be performed and fulfilled, he, the said plaintiff, in fact saith, that said defendant hath broken his covenant so made, as aforesaid, in this, that he has not as yet paid to the plaintiff, said sum of two hundred dollars, specified in said last mentioned articles of agreement, nor hath he paid to the plaintiff, the one thousand weight of pork, the corn, the beef and salt, mentioned therein; nor hath he, said defendant, given or allowed to the plaintiff, said two acres of land, rent-free, in said last mentioned articles of agreement specified; but the same or any part thereof, he, said defendant, hath hitherto wholly failed and refused to pay to the plaintiff.

"And whereas also, heretofore, to wit, on the sixth day of August, eighteen hundred and thirty, at ————, to wit, in said county, certain other articles of agreement were made and entered into between the said defendant of the first part, and the said plaintiff of the second part, bearing date the day and year last aforesaid, and which said last mentioned articles of agreement, sealed with the respective seals of the defendant and the plaintiff, and signed by the defendant, (by the name and description of William Derrick,) and signed by the plaintiff, (by the name and description of B. R. Morris,) the plaintiff now brings here into Court, wherein and whereby, the defendant agreed to employ, and did employ the plaintiff, to oversee and overlook the hands that the defendant should place under the plaintiff, upon the plantation where the defendant formerly resided, joining the land of William Moore, sen. and Mrs. Davis, &c. &c. for the

year eighteen hundred and thirty-one, at ———, to wit, in said county; and by which said last mentioned articles of agreement, the defendant stipulated and agreed to give the plaintiff, two hundred dollars in cash, to be paid the twenty-fifth day of December, eighteen hundred and thirty-one; one thousand weight of pork, to be paid the first day of January, eighteen hundred and thirty-one; also, corn sufficient to supply the plaintiff's family in bread, during the year eighteen hundred and thirty-one; also, corn sufficient to feed the cows and hogs of the plaintiff, for the same year; also, two acres of land, rent-free, to sow wheat upon; also, a beef, to be worth ten dollars; and also, one barrel of salt, to be paid at the commencement of the year eighteen hundred and thirty-one, for and in consideration of the services of the plaintiff, to be rendered as overseer, for said year of eighteen hundred and thirty-one; and the plaintiff on his part, by said last mentioned articles of agreement, agreed and bound himself to discharge the duties of a good, vigilant overseer, to attend to the business of the defendant, upon the farm above mentioned, and to discharge the duties customary for overseers to perform, to the best of his skill and knowledge, for and in consideration of said sum of two hundred dollars in cash, corn for hogs and stock, one beef, two acres of land, and one barrel of salt; (the articles above mentioned,) to be paid and arranged, according to the times and terms specified in said last mentioned articles of agreement: Yet the plaintiff avers that the defendant hath not as yet, paid to the plaintiff, the said sum of two hundred dollars,

or given or allowed to the plaintiff, any or either of the articles enumerated in said last mentioned articles of agreement, but to pay the plaintiff the same or any part thereof, he, the said defendant, hath hitherto wholly failed and refused, and so the plaintiff in fact, saith, that the defendant, (although often requested so to do,) hath not kept his said several covenants, mentioned in the several counts of this declaration, but hath broken the same, and to keep the same with the plaintiff, hath hitherto wholly neglected and refused, and still doth neglect and refuse." &c.

The pleadings to this declaration, (under a special practice,) consisted of an agreement to allow any matters to be given in evidence, going to show a defence.   And, upon the verdict of a jury, a judgment was rendered for the plaintiff.

A bill of exceptions having been taken, the particulars of which appear in the opinion of the Court, the defendant took a writ of error.

*M'Clung* for the plaintiff in error—*Stewart & Thornton*, contra.

COLLIER, J.—The defendant in error, declared against the plaintiff in three several counts in covenant.   The two first of which, treat the covenants set out, as containing dependent stipulations. The third, considers them as independent, and charges a breach in the non-payment of two hundred dollars—a sum agreed to be paid to the plaintiff below, for his wages as an overseer, for the year eighteen hundred and thirty-one, and in the failure

to supply certain provisions, &c. according to the terms of the covenant and agreement.

The Judge of the County Court of Madison, (from whence this case comes,) sealed a bill of exceptions on this trial, in these words : "Be it remembered, that on the trial of this cause, the evidence proved that plaintiff remained in the employment of the defendant, about one month of the year eighteen hundred and thirty-one. There was contradictory evidence as to the circumstances under which said Morris abandoned the business of said Derrick; whereupon the counsel for plaintiff, moved the Court to instruct the jury, that the covenants were independent, and that it was not necessary for said plaintiff, to prove that he had served said defendant as overseer, as set forth in said covenant. To this charge, defendant objected, but the charge was given by the Court, as asked, to which defendant, by his counsel, excepted, " &c.

The questions of law arising upon the bill of exceptions, are here assigned as error.

Our understanding of this cause, does not impose upon us, the duty of examining the technical and (in many instances,) the scarcely discernible distinctions between dependent and independent covenants. Where there are several counts in a declaration, any one of which, authorises a general charge, asked of a Judge to the jury, if given, it will be applied to that count; if upon no other principle, upon that which intends every thing in favor of judgments, which the pleadings or the law warrant.

5 P.    16

Had the plaintiff in error have desired it, he could have required the Judge to confine his charge to some one particular count, and if not legitimate under that, it might be error. But if not thus restricted, it will apply to the entire declaration, and will be legalised by showing one count under which it was proper.

That the charge objected to, was authorised by the third count, we think clear, as that count assumed, that the covenants in the agreement sued on, were mutual and independent, and the opinion of the Judge, as expressed to the jury, went no farther.

This view of the case being decisive of it—the judgment is affirmed.

HOPKINS, C. J. not sitting.